Newman, Circuit Judge,
dissenting.
The district court gave several claim terms their plain and ordinary meaning. These terms are not scientific or techno-logic terms and they do not have a special meaning in the subject technology. They are words that are readily understood by judge and jury, and are used in the claims according to their plain and ordinary meaning. The trivial changes made by the panel majority do not warrant the new trial that is ordered; nor does the action of the district court in giving the overall question of infringement to the jury. I respectfully dissent.
A
It is not reversible error for the district court to decline to “construe” terms that have a plain and ordinary meaning as used in the patent. See Summit 6, LLC v. Samsung Elecs. Co., 802 F.3d 1283, 1291 (Fed. Cir. 2015) (“[E]aeh [term] is used in common parlance and has no special meaning in the art. Because the plain and oi’dinary meaning of the disputed claim language is clear, the district court did not err by declining to construe the claim term.”).
The panel majority holds that the term “replacement telephone number” should be construed as “a telephone number that substitutes for an original telephone number,” Maj. Op. at 998; the term “modify caller identification data” should be construed as “change caller identification data,” id.; and the term “outbound call” in the clause “transmit the caller identification data to the call target in connection with the outbound call” should be construed as “a call placed by an originator to a target,” id. at 999, We are not told how these corrected definitions could have changed the result at trial.
There is no obligation for a district court to construe straightforward terms whose meaning and scope are readily understood. *1000 Summit 6, 802 F.3d at 1291. Infringement in this ease is not a product of arcane claim language. See, e.g., Lazare Kaplan Int’l, Inc. v. Photoscribe Techs., Inc., 628 F.3d 1359, 1376 (Fed. Cir. 2010) (“This court agrees with the Defendants that the parties’ dispute concerns factual questions relating to the test for infringement and not the legal inquiry of the appropriate scope of the ‘positional accuracy limitation.”).
As the district court recognized, the heart of the parties’ disagreement is whether the claims are infringed by the Defendants’ system, which is not a “catch and release system” where the call is captured after origination (i.e., dialing) and the Caller ID modified before the call is released.[1] The Figures in the specification show “catch and release” capture after the call is dialed, while the specification states that the claimed system may alternatively operate in an origination device, before the call is sent. ’122 Patent, col. 2, 11. 58-62 (“The system and method ... may be attached to or embedded within Originator’s [ ] communication device.”).
The issue of infringement thus did not turn on a disputed technical meaning of any claim term, but on whether the claims are infringed by systems in which a web-dialer originates calls with modified Caller-ID data, as opposed to a catch-and-release system whereby calls are intercepted after origination and modified. Each of the claim construction arguments raised by Appellants is, at bottom, a question of whether the claims should be limited to a “catch-and-release” system. The district court appropriately submitted to the jury the factual infringement question of whether the accused systems, in which there is no capture of a pre-dialed call, are within the literal or equivalent scope of the claimed method and system.
I do not perceive reversible error in submitting the infringement question to the jury in this case. See Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co., 425 F.3d 1366, 1377 (Fed. Cir. 2005) (“Because the claim language does not require a particular form of testing, this inquiry is not a claim construction question, which this court reviews de novo. Rather, this court reviews this inquiry as a question of fact.”), overruled on other grounds by Cardiac Pacemakers, Inc. v. St. Jude Med., Inc., 576 F.3d 1348 (Fed. Cir. 2009).
B
The decision of this case invokes the tension between deciding factual questions of infringement and converting such factual aspects into legal issues of claim construction. See Function Media, L.L.C. v. Google, Inc., 708 F.3d 1310, 1326 (Fed. Cir. 2013) (comparing dispute over the “scope of the claims” and “post-trial attempts to re-characterize improper arguments as issues of claim construction.”). See generally GPNE Corp. v. Apple Inc., 830 F.3d 1365, 1373 (Fed. Cir. 2016) (“At bottom, then, GPNE’s complaint rests not with the district court’s failure to define claim scope, but with its allowing Apple to make certain arguments to the jury.”).
The district court declined to decide the question of infringement by way of claim construction. The court stated that “the Court is not persuaded that it should limit the independent claims to Defendants’ ‘catch and release’ construction given the intrinsic evidence,” Dist. Ct. Op. at *8, and allowed the question of infringement to be *1001 presented to the jury. I do not discern reversible error in this procedure. See, e.g., Verizon Servs. Corp. v. Cox Fibernet Virginia, Inc., 602 F.3d 1325, 1334 (Fed. Cir. 2010) (“While Verizon attempts to characterize the issue as one of claim construction, its argument is more accurately about whether Cox’s arguments to the jury about the distinction between how its system works and the Internet were improper. ...”).
There was a full jury trial, with witnesses on both sides explaining the claims, and pointing out the similarities and differences between the patented system and the accused systems. Absent some error of law in the instructions to the jury, or failure of evidence such that due process is not obtained, I do not discern reversible error in the procedure that the district court chose. There is no reason to believe that a reasonable jury would not understand the technology and the issues.
“The difficulty presented in this appeal is how to separate the role of the jury to find facts ... from the role of trial judges in reaching, or for us freely reviewing, the ultimate legal conclusion ...” McGinley v. Franklin Sports, Inc., 262 F.3d 1339, 1359 (Fed. Cir. 2001) (Michel, J., dissenting) (observing this “difficulty” in the obviousness context). When such “difficulty” arises, the nature and complexity of the particular technology may be relevant, as well as the issues of fact, and application of law to fact, that require resolution.
When the district court has reasonably adopted trial procedures that accord with the principles of due process and the role of the jury, appropriate deference is warranted. Newell Companies, Inc. v. Kenney Mfg. Co., 864 F.2d 757, 765 (Fed. Cir. 1988) (“Trials must be fair, not perfect.”).
C
In cases where the question of “claim scope” is directly congruent to the ultimate question of infringement, and the claim terms do not have a disputed or complex technical meaning, it was not reversible error for the trial judge to refer the question of infringement to the jury. The jury is well suited to evaluate the disclosure and to compare the claimed technology with the accused system, including weighing the views of the dueling expert witnesses. See Lavender v. Kurn, 327 U.S. 645, 653, 66 S.Ct. 740, 90 L.Ed. 916 (1946) (“[T]he appellate court’s function is exhausted when that evidentiary basis [of the jury’s verdict] becomes apparent, it being immaterial that the court might draw a contrary inference or feel that another conclusion is more reasonable.”).
When the district court, in its measured judgment, refers the question of infringement to the jury, with no evidentiary flaws in the trial proceedings, it is not the appellate role to require that the trial be repeated. Conversely, if the majority indeed believes that on the correct view of the claims there cannot be infringement, our appellate role is to reverse the judgment, not remand for a new trial.

. NobelBiz, Inc. v. Glob. Connect, L.L.C., No. 612CV244MHSLEAD, 2014 WL 4626291, at *8 (E.D. Tex. Sept. 15, 2014) (Dist. Ct. Op.).